IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JESSIE JONES, JR.,** | : | **PRISONER HABEAS CORPUS** |
| BOP Reg. # 14348-076, | : | **28 U.S.C. § 2241** |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **WARDEN, USP ATLANTA,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:14-CV-716-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Jessie Jones, Jr., also known as Jesse Jameel Da'Wan, is confined in the United States Penitentiary in Atlanta, Georgia. Petitioner has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. 4], and he has paid the $5.00 filing fee. [*See* Dkt. Entry Apr. 28, 2014.]

The matter is before the Court (1) for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

AO 72A
(Rev.8/82)

I.      **Background**

Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and sentenced to 300 months imprisonment by the United States District Court for the Western District of Tennessee on July 7, 1994. [Doc. 4 at 10-11.] The Sixth Circuit Court of Appeals affirmed the conviction and sentence. *See United States v. Jones*, 108 F.3d 668 (6th Cir. 1997) (en banc).

Petitioner unsuccessfully moved to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* Order, *Dawan v. Bell*, No. 1:97-cv-1076-JDT (W.D. Tenn. June 2, 1997), *certificate of appealability denied*, No. 97-5879 (6th Cir. Dec. 11, 1997). The Sixth Circuit has denied Petitioner's applications for authorization to file a second or successive § 2255 motion, most recently in 2009. *See In re Jesse Jameel Dawan*, No. 08-5424 (6th Cir. Feb. 9, 2009). Petitioner's previous attempt to obtain § 2241 relief in this Court was unsuccessful. *See* Order, *Da'Wan v. Warden*, No. 1:09-cv-1995-BBM (N.D. Ga. Sept. 21, 2009) (adopting Final Report and Recommendation of Aug. 5, 2009) (King, MJ.).

In the present § 2241 action, filed on March 11, 2014, Petitioner raises the following issues. Petitioner claims that, in his criminal case, one juror "stated in open court that she disagreed with the guilty verdict, [but] the trial judge pronounced the verdict as . . . guilty anyway . . . ." [Doc. 4 at 3.] Petitioner states that trial counsel

failed to object to the judge's action and failed to make other "proper objections during trial." [*Id.*] Petitioner also states that neither he nor trial counsel attended sentencing. [*Id.*] Petitioner claims that the statutory maximum sentence for his offense is ten years, which is less than his sentence of 300 months. [*Id.* at 5.] Petitioner further claims that his sentence should have been imposed pursuant to the Sentencing Act of 1987, rather than the Sentencing Reform Act of 1984. [*Id.* at 5-6.] Finally, Petitioner argues that he is actually innocent, based on a note from the jury. [*Id.* at 6.]

**II.    Discussion**

    **A.    Improper Claims**

"If a petitioner files a § 2255 motion and it is denied, he may not circumvent the restriction on second or successive § 2255 motions simply by filing a petition under § 2241." *Marshall v. United States*, 514 Fed. Appx. 936, 937 (11th Cir. Mar. 28, 2013) (per curiam) (citing *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008)). "[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli*, 542 F.3d at 1352. In the present case, Petitioner's claims of error by the trial judge and counsel, including the applicable sentencing act, challenge the validity of Petitioner's sentence and may not be pursued in a § 2241 action. *See Benitez v. Warden, FCI Miami*, No. 12-15459, 2014 WL 1716994, at *1 (11th Cir. May 2, 2014) (per curiam); *see also Sawyer v.*

3

*Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (challenges to validity of sentence are brought under § 2255).

    **B.**    <u>**"Savings Clause"**</u>

Petitioner provides a copy of his indictment showing that he had a total of nine prior felony convictions for the following offenses in Tennessee: "felonious jail escape"; "robbery," twice; "attempt to commit a felony"; "burglary third degree," twice; "burglary first degree"; "burglary first degree and extortion"; and "burglary and larceny." [Doc. 4 at 8-9.] It appears that Petitioner was subject to a mandatory minimum sentence of fifteen years imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which applies to a person with three previous convictions for a violent felony, such as burglary or extortion; *see* § 924(e)(2)(B)(ii). Petitioner claims that he is subject to a statutory maximum sentence of ten years under § 924(a); therefore, Petitioner may believe that he did not have three violent felony convictions.

The "savings clause" of § 2255(e) permits a federal prisoner to attack his sentence via § 2241 if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" applies to a claim regarding the ACCA if a federal prisoner establishes that (1) "throughout his sentencing, direct appeal, and first § 2255 proceeding, [the] Circuit's binding precedent had specifically addressed [the] distinct prior state conviction that triggered § 924(e)

4

and had squarely foreclosed" the claim that his sentence exceeded the ten-year statutory maximum penalty in § 924(a); and (2) the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), as extended to the distinct prior state conviction, overturned Circuit precedent that had squarely foreclosed the claim. *See Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013).

Petitioner has failed to show that the "savings clause" applies to his ACCA claim. Petitioner has not argued that (1) binding Circuit precedent specifically addressed any of his distinct prior state convictions that may have triggered § 924(e) and squarely foreclosed his claim that his sentence was excessive, or (2) *Begay*, as extended to any of his distinct prior state convictions, overturned the relevant Circuit precedent. Petitioner has failed to discuss any of his prior state convictions or cite any case law regarding the underlying offenses. Petitioner merely asserts that he should not have been sentenced to more than ten years imprisonment. The undersigned previously gave Petitioner an opportunity to amend his § 2241 petition. [*See* Doc. 3 at 2.] Therefore, the Court should decline further consideration of this claim.

### C. Actual Innocence

Petitioner relies on a jury note to argue that he is actually innocent. However, "the 'savings clause' . . . applies to actual-innocence claims due to a conviction for a non-existent offense." *Bryant*, 738 F.3d at 1281. Because Petitioner has not

5

successfully invoked the "savings clause," he may not pursue a claim of actual innocence in a § 2241 action. *See Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013) (explaining that applicability of "savings clause" is threshold jurisdictional issue).

### III.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the amended petition for a writ of habeas corpus, [Doc. 4], be **DENIED** and that this action be **DISMISSED**.  Because a federal prisoner does not require a certificate of appealability (COA) to appeal the denial of a § 2241 petition.  *See Sawyer*, 326 F.3d at 1364 n.3.  Thus, the undersigned offers no COA recommendation in this matter.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  16th   day of May, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)